## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHER EPSTEIN,<br><br>               Plaintiff,<br><br>     v.<br><br>ORBCOMM, INC., JEROME B.<br>EISENBERG, MARC J. EISENBERG,<br>MARCO FUCHS, DENISE GIBSON,<br>KAREN GOULD, TIMOTHY KELLEHER,<br>and JOHN MAJOR,<br><br>               Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT FOR VIOLATIONS OF<br>FEDERAL SECURITIES LAWS** |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### BACKGROUND

1.      This action concerns a proposed transaction ("Proposed Transaction") announced on April 8, 2021, pursuant to which ORBCOMM Inc., ("ORBC" or the "Company") will merge with GI Partners ("GI Partners").

2.      On April 7, 2021, ORBC's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into a transaction agreement (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, ORBC's stockholders will receive $11.50 in cash for each share of ORBC common stock they own (the "Merger Consideration").

3.      On May 10, 2021, in order to convince ORBC's Shareholders to vote in favor of the Proposed Transaction, Defendants filed a materially incomplete and misleading Proxy Statement (the "Proxy") with the United States Securities and Exchange Commission ("SEC").

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, Plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy.

5.      In addition, a special meeting of ORBC's stockholders will be held to vote on the Proposed Transaction (the "Stockholder Vote").  It is therefore imperative that the material information that has been omitted from the Proxy is disclosed prior to the Stockholder Vote so ORBC's stockholders can properly exercise their corporate voting rights and make an informed decision on whether to vote in favor of the merger.

## JURISDICTION & VENUE

6.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act and 28 U.S.C. §1331 because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

7.      This Court has jurisdiction over Defendants because each defendant is either a corporation that conducts business in this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because, among other things: (a) the conduct at issue will have an effect in this District; (b) a substantial portion of the transactions and wrongs complained of herein, occurred in this District; and (c) certain Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.  Additionally, the Company's shares trade on the

2

NASDAQ, which is headquartered in this District.

## THE PARTIES

9.      Plaintiff is, and has been continuously throughout all times relevant hereto, an ORBC shareholder.

10.     Defendant ORBC is a Delaware corporation and a party to the Merger Agreement.  ORBC shares are traded on the NASDAQ under the ticker symbol "ORBC."

11.     Defendant Jerome B. Eisenberg is Chairman of the Board.

12.     Defendant Mark J. Eisenberg is the Company's Chief Executor Officer and a director of the Company.

13.     Defendant Marco Fuchs is a director of the Company.

14.     Defendant Denise Gibson is a director of the Company.

15.     Defendant Karen Gould is a director of the Company.

16.     Defendant Timothy Kelleher is a director of the Company.

17.     Defendant John Major is a director of the Company.

## FACTS

18.     ORBC offers industrial internet of things and machine to machine communications hardware, software and services designed to track, monitor, and control fixed and mobile assets in markets.

19.     GI Partner is a middle market private equity firm based in San Francisco, CA. The firm invests in existing asset-intensive businesses in the United States and Western Europe, where it acquires controlling interests in cash-positive operations.

20.     On April 8, 2021, ORBC's Board caused the Company to enter into the Merger Agreement.

3

21.     According to the press release announcing the Proposed Transaction:

**Rochelle Park, NJ, April 8, 2021 –** ORBCOMM Inc. (Nasdaq: ORBC), a global provider of Internet of Things (IoT) solutions, today announced that it has entered into a definitive agreement to be acquired by GI Partners, a leading US-based investor in data infrastructure businesses, in an all-cash transaction that values ORBCOMM at approximately $1.1 billion, including net debt.

Under the terms of the agreement, ORBCOMM stockholders will receive $11.50 in cash per outstanding share of common stock upon closing of the transaction, representing a premium of approximately 52% to ORBCOMM's closing share price on April 7th and a 50% premium over the 90-day volume-weighted average share price through that date.

*** *

**Transaction Details**

The transaction is expected to close following the satisfaction of customary closing conditions, including approval by ORBCOMM stockholders and the receipt of required regulatory approvals.

Consistent with the Board's commitment to maximizing stockholder value, under the terms of the definitive merger agreement, ORBCOMM and its representatives may actively solicit and consider alternative acquisition proposals during a 30-day "go-shop" period that will expire on May 7, 2021. ORBCOMM has the right to terminate the definitive merger agreement with GI Partners to enter into a superior proposal subject to certain terms and conditions of the definitive merger agreement. There can be no assurance that this process will result in a superior proposal, and ORBCOMM does not intend to disclose developments with respect to the solicitation process unless and until it determines such disclosure is appropriate or is otherwise required.

The parties expect the transaction to close in the second half of 2021. Subject to and upon completion of the transaction, ORBCOMM will become a privately-held company and its common stock will no longer be listed on the Nasdaq Stock Market.

PJT Partners and Raymond James are acting as financial advisors to ORBCOMM, and Milbank LLP is acting as legal counsel. Evercore is acting as financial advisor to GI Partners, and Simpson Thacher & Bartlett LLP and Morgan, Lewis & Bockius LLP are acting as legal counsel.

*** *

22.     The Merger Consideration is unfair because, among other things, the intrinsic

value of the Company is in excess of the amount the Company's stockholders will receive in connection with the Proposed Transaction.

23.     It is therefore imperative that the Company's shareholders receive the material information that Defendants have omitted from the Proxy so that they can meaningfully assess whether the Proposed Transaction is in their best interests prior to the vote.

24.     Defendants filed the Proxy with the SEC in connection with the Proposed Transaction.

25.     As alleged herein, the Proxy omits material information with respect to the Proposed Transaction, which renders the Proxy false and misleading.

26.     The Proxy Statement omits material information concerning ORBC's financial projections.

27.     With respect to ORBC's financial projections, the Proxy fails to disclose all line items used to calculate (i) Adjusted EBITDA (Pre-SBC), (ii) Adjusted EBITDA (Post-SBC), and (iii) Levered Free Cash Flow.  The Proxy also fails to disclose a reconciliation of all non-GAAP to GAAP metrics.

28.     The disclosure of projected financial information is material information necessary for stockholders to gain an understanding of the basis for any projections as to the future financial performance of the combined company.  In addition, this information is material and necessary for stockholders to understand the financial analyses performed by the companies' financial advisors rendered in support of any fairness opinion.

29.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors PJT Partners LP ("PJT Partners") in connection

with the Proposed Transaction.

30.     With respect to PJT Partners' *Selected Public Market Multiples Analysis*, the Proxy fails to disclose the individual multiples and metrics for the companies observed in the analysis.

31.     With respect to PJT Partners' *Selected Precedent M&A Transactions Analysis,* the Proxy fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

32.     With respect to PJT Partners' *Discounted Cash Flow Analyses*, the Proxy fails to disclose (i) the after-tax unlevered free cash flows for ORBC; (ii) the terminal value of the Company; (iii) the individual inputs and assumptions underlying (a) the discount rate range of 9 % to 10%, and (b) the perpetual growth rates of 2.5 % to 4.5 %; (iv)  the Company's net debt as of March 31, 2021, and (v) the number of fully diluted shares of Company common stock outstanding calculated using the treasury stock method as of March 31, 2021.

33.     The omission of the above-referenced material information renders the Proxy false and misleading.

34.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## CLAIMS FOR RELIEF

### COUNT I

### (AGAINST ALL DEFENDANTS FOR VIOLATIONS OF SECTION 14(a) OF THE EXCHANGE ACT AND RULE 14a-9 PROMULGATED THEREUNDER)

35.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange

Act, requires that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

37.    Defendants issued the Proxy with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Proxy and the use of their name in the Proxy, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

38.    In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  By virtue of their roles as officers and/or directors, each of the Individual Defendants were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy, but nonetheless failed to obtain and disclose such information to stockholders as required.

39.    The preparation of a Proxy by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in preparing and reviewing the Proxy.  Defendants were also negligent in choosing to omit material information from the Proxy or failing to notice the material omissions in the Proxy upon reviewing it, which they were required to do carefully.

40.    The misrepresentations and omissions in the Proxy are material to Plaintiff, who

will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law.

**COUNT II**

**(AGAINST THE INDIVIDUAL DEFENDANTS FOR VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT)**

41.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42.     The Individual Defendants acted as controlling persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of the Company, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was

8

reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Proxy.

45.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

46.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

47.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

48.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a proxy that does not contain

any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

        D.       Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

        E.       Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        F.       Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 18, 2021

                                        **MOORE KUEHN, PLLC**

                                        */s/Justin Kuehn*
                                        Justin A. Kuehn
                                        Fletcher W. Moore
                                        30 Wall Street, 8th floor
                                        New York, New York 10005
                                        Tel: (212) 709-8245
                                        jkuehn@moorekuehn.com
                                        fmoore@moorekuehn.com
                                        *Attorneys for Plaintiff*